# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 3:14cr270-3 |
| --- | --- | --- |
| | : | No. 3:17cv678 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SHALIEK STROMAN, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Shaliek Stroman's 28 U.S.C. § 2255 (hereinafter "section 2255") motion to vacate, set aside, or correct his sentence. (Doc. 411). The motion has been fully briefed and is ripe for disposition.

**Background**

On October 14, 2014, a grand jury charged defendant with four (4) counts of drug trafficking in violation of 21 U.S.C. § 841(a)(1). (Doc. 36). On January 4, 2016, defendant plead guilty to one count, conspiracy to distribute and possess with intent to distribute heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841. (Doc. 266). The government dismissed the remaining counts. The court sentenced defendant to a term of 151 months followed by three (3) years of supervised release. (Id.) On January 15, 2016, defendant appealed the judgment (Doc. 275). The Third Circuit Court of Appeals affirmed the judgment

on February 1, 2017.  United States v. Stroman, 677 Fed. App'x 746 (3d Cir. 2017).  On April 15, 2017, defendant filed the present motion to vacate under section 2255. (Doc. 411).  The parties have briefed their respective positions, bringing the case to its current posture.

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by...the district courts[.]").

**Standard of review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A section 2255 motion may attack a federal prisoner's sentence on any of the following foundations: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional

rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b).

A habeas petitioner may allege ineffective assistance of counsel in a 2255 motion even if he did not raise it on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003). Nevertheless after a legal argument has been decided adversely to a defendant in trial court and on direct appeal, declining to reconsider those same arguments raised in a subsequent section 2255 collateral proceeding is within a district court's discretion, United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).

**Standard of review for ineffective assistance of counsel claims**

Defendant's motion raises issues of ineffectiveness of counsel. The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Thus, under Strickland, to prove that his counsel was deficient at trial or sentencing, a defendant must convince the court of two factors: 1) deficient performance by counsel; and 2) prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Satisfying the first factor requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all

4

significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Put another way, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 422 U.S. at 694). "'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings...not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693). Significantly, counsel cannot be held to be ineffective for failing to pursue a meritless issue. Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000).

In nearly all cases, relief under section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the Strickland test. See Strickland, 466 U.S. at 686. Accordingly, "'to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the Strickland test, deficient

5

counsel and prejudice to the defense.'" Campbell, 515 F.3d at 183 (quoting Wells v. Petsock, 941 F.2d 253, 559-60 (3d Cir. 1991)).

**Discussion**

Here, defendant maintains that his attorney at sentencing was ineffective, and therefore, he is entitled to relief under section 2255. He presents the following two (2)[1] arguments in support of his ineffective assistance of sentencing counsel claims: 1) Ineffectiveness for advising entry into a plea agreement, inadequately explaining available defenses, and his sentence as a career offender; and 2) failure to argue that defendant's two prior convictions could not enhance his sentence. We will address each argument separately.

**1) Ineffective assistance of counsel for advising entry into a plea agreement, inadequately explaining available defenses, and his sentence as a career offender.**

Defendant first attacks sentencing counsel's plea bargain advice and failure to raise guideline calculation issues at sentencing and on direct appeal. The government's position is that defendant does not meet the Strickland standard. We agree with the government.

---

[1] Defendant lists four (4) issues in his brief and three (3) issues in his motion. Of the four issues raised in his brief, issues two (2) and three (3) are the same, and issue four (4) argues "prejudice," which is not a separate issue, but generally covered in the ineffectiveness of counsel analysis. Thus, defendant raises two (2) issues, not four (4).

Notably, the maximum penalty for the defendant's offense is imprisonment for a period of twenty (20) years, a fine of one million dollars, a maximum supervised release term of the rest of his life, served after or in addition to imprisonment, together with the costs of prosecution, imprisonment, probation, or supervised release, denial of certain federal benefits, and an assessment of one hundred (100) dollars. (Doc. 166, Am. Plea Agr. at 2, 3). The court, however, sentenced defendant to fewer than thirteen (13) years imprisonment, three (3) years supervised release and a one hundred dollar assessment.

Moreover, in addition to the charge to which he plead guilty, defendant in this case was indicted by a grand jury on three more counts of violating 21 U.S.C. § 841(a)(1). In return for his guilty plea to Count 1, the government agreed to drop the three (3) other charges and not to bring any other criminal charges against him arising out of his involvement in the offense(s) described in Count 1. (Doc. 166 at 3). As part of the amended plea agreement, defendant admitted to conspiring with individuals from two other states to distribute more than 1,500 bags of heroin.

Here, to the extent defendant's attorney may have advised entering into the amended plea agreement, we do not find that advice to have been deficient lawyerly performance in view of the aforementioned sentence feasible under the guidelines versus the sentence imposed, to which defendant agreed in writing.

7

In fact, it was quite the opposite, leading to a positive effect for defendant on the outcome of his prosecution. As stated above, without the plea bargain defendant faced twenty (20) years in prison, a one million dollar fine, supervised release for life, costs, denial of federal benefits, and a one hundred dollar assessment. With the plea bargain defendant wound up with thirteen (13) years in prison, three (3) years supervised release, and a one hundred dollar assessment.

Next, defendant argues ineffective assistance of counsel for inadequately explaining available defenses or the full extent of the sentence. The government counters that defendant failed to specify what defenses were available to him that counsel did not explain. We agree with the government that vague allegations are insufficient to support relief under section 2255. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." Johnson v. United States, 294 Fed. App'x 709, 710 (3d Cir. 2008), (citing United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)).

Further, defendant's signature is acknowledged on the amended plea agreement, a document that explains, in great detail, the full extent of the sentence to which he agreed. (Doc. 291 Glty. Pl. Tr., at 7-23) (Doc. 166 at 22). Defendant does not allege that his signature is invalid in any way or that he did

not or could not read the amended plea agreement.  Defendant argues that trial counsel advised defendant to enter into a plea without adequately explaining the defenses available to him and the full extent of the sentence defendant would receive as a career offender.  (See Doc. 291 at 12).  He argues that the maximum penalty under the statute is twenty (20) years and a fine of one (1) million dollars.  Yet, defendant read and understood the guilty plea, which includes the maximum penalty.  (Id. at 13-14).  Defendant admitted on the record at the guilty plea hearing that he understood the maximum penalty to be "twenty (20) years in prison, a fine of up to $1 million, at least three years, up to a life term of supervised release, and a $100 special assessment." Id. at 12.

As previously discussed, establishing the Strickland factors entails presenting evidence of deficient performance on counsel's part causing prejudice to defendant.  This requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." Strickland, 466 U.S. at 690.  Thus, defendant's motion fails on both Strickland prongs because he failed to show deficient performance or prejudice either on direct or collateral review.  See Stroman, 677 Fed. App'x at 750, n.1.[2]

---

[2] Defendant moved for a downward variance from the sentencing range based on the § 3553(a) factors (see Doc. 254, mot. to depart fr. guidelines).  To the extent he argues that the factors were inadequately considered, this same issue has

9

**2) Career offender status**

The pre-sentence investigative report concluded that defendant was a "career offender" based upon two prior drug trafficking convictions of possession with intent to deliver a controlled substance under Pennsylvania's drug trafficking statute, 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). Defendant now argues that the Pennsylvania state court convictions should not have been used to determine career offender classification, and that counsel was ineffective for not objecting to this classification. The government's position is that the court correctly applied the prior convictions in determining that defendant is a career offender. After a careful review, we agree with the government.

Under the sentencing guidelines, a defendant's sentence may be enhanced if the defendant is a "career offender". A defendant can be deemed a "career offender" if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guideline defines "controlled substance offense" as follows:

---

[cont'd.] been litigated at sentencing and on direct appeal. Stroman, 677 Fed. App'x. at 749-50. "The Court's decision to give Stroman a sentence at the lower end of the applicable Guidelines range further demonstrates the Court's meaningful consideration of the § 3553(a) factors." Id. After a legal argument has been decided adversely to a defendant in trial court and on direct appeal, declining to reconsider those same arguments raised in a subsequent section 2255 collateral proceeding is within a district court's discretion, Orejuela, 639 F.2d at 1057. We decline to consider the argument a third time.

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2.

As noted above, defendant had two prior drug trafficking convictions under Pennsylvania law. He now claims that they should not be used to enhance his sentence under the career criminal enhancement. In support of his position, the defendant cites to United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016).

In Hinkle, the Fifth Circuit Court of Appeals addressed whether drug delivery crimes under a Texas statute could properly be applied as a "controlled substance offense" so as to deem the defendant a career offender under the Guidelines. The court reasoned that it was inappropriate. The Texas statute under which Hinkle was convicted contained a broad definition of "delivery" that did not fit within the Guidelines' definition of a controlled substance. Specifically, "delivery" under the Texas statute included **offering** to sell a controlled substance, counterfeit substance, or drug paraphernalia. Id. at 572. As set forth above, the Guidelines' "controlled substance" definition applies to manufacture, import, export, distribution, or dispensing of a controlled substance. It does not apply to the mere offer to sell a controlled substance.

11

We are unconvinced by defendant's reliance on Hinkle. Here, the defendant was convicted of possession with intent to deliver a controlled substance under Pennsylvania's drug trafficking statute 35 PA. CONS. STAT. ANN. § 780-113(a)(30). (Doc. 440, Def.'s Br. at 2, Doc. 453, Govt's Resp. to Supple. Mtn. for Relief at 1). This statute prohibits "manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . or . . . a counterfeit controlled substance." The definition of "delivery" under Pennsylvania law is "the actual, constructive, or attempted transfer from one person to another of a controlled substance . . ." 35 PA. CONS. STAT. ANN. § 708-102. This definition does not include the broader language of the Texas statute. Thus, the Pennsylvania statutory language and definitions are in line with the Guidelines, and this case is distinguishable from Hinkle. The defendant's prior convictions fit the definition of "controlled substance crime" found in the Sentencing Guidelines. See United States v. Lamar, 3:16-cr-267, 2018 WL 777126 (M.D. Pa. Feb. 8, 2018) (finding that convictions under 35 PA. CONS. STAT.ANN. § 780-113(a)(30) were controlled substance offenses under the career offender enhancement). We thus find no merit to the defendant's arguments, and his section 2255 motion will be denied.

**Conclusion**

After a careful review, we will deny defendant's motion for habeas corpus under section 2255 because he has failed to meet the elements of an ineffective assistance of counsel claim. An appropriate order follows.

**BY THE COURT:**

**Date: June 8, 2018**　　　　　　　　　　**s/James M. Munley**
　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　**United States District Court**